IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRACEY MARIE TAYLOR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | CASE NO. 5:22-cv-00079<br><br>DISTRICT JUDGE<br>JOHN R. ADAMS<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT & RECOMMENDATION** |

Plaintiff Tracey Marie Taylor filed a Complaint against the Commissioner of Social Security seeking judicial review of its decision denying Taylor Disability Insurance Benefits and Supplemental Security Income. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c). This matter has been referred to a Magistrate Judge under Local Rule 72.2(b)(1) for the preparation of a Report and Recommendation. Following review, and for the reasons stated below, I recommend the District Court affirm the Commissioner's decision.

**Procedural History**

In May 2019, Taylor filed an application for Disability Insurance Benefits and Supplemental Security Income alleging a disability onset date of May 2, 2019, and claiming she was disabled due to polymyositis with myopathy, rheumatoid arthritis, high blood pressure, and acid reflux. Tr.

130-144. The Commissioner denied Taylor's applications at the initial level. Tr. 158. Taylor requested reconsideration on the basis that her polymyositis had progressed in the previous six months. Tr. 204. The Commissioner denied Taylor's applications at the reconsideration level. Tr. 177. Taylor requested a hearing before an administrative law judge (ALJ). Tr. 225-226.

In August 2020, an ALJ held a hearing at which Taylor and a vocational expert testified. Tr. 81-129. In November 2020, the ALJ issued a written decision finding that Taylor was not disabled. Tr. 65-75. The ALJ's decision became final in November 2021 when the Appeals Council declined further review. Tr. 1-4, *see* 20 C.F.R. § 404.981. Taylor filed this action in January 2022, alleging the ALJ erred in her step-three analysis because the ALJ did not consider whether Taylor's polymyositis impairment met or equaled Listing 14.05C, "Polymyositis and dermamyositis." Doc. 11, at 12.

**Evidence**[1]

In October 2019, technician Heather Rupert of Trinity Hospital Twin City conducted a pulmonary function test on Taylor, the results of which indicated that Taylor had severe airway obstruction and reduced lung volume. Tr. 479-480. Taylor's increased "[residual volume] to [total lung capacity] ratio" and the presence of "disproportionately reduced maximum

---

[1] As the Commissioner notes, the issue in this case is not whether the ALJ erred in declining to discuss any specific diagnosis or medical record, it is the procedural issue of whether the ALJ erred in failing to discuss a regulatory listing. Doc. 12, at 2. As such, the Court has limited the recitation of facts to those that are relevant to the arguments presented by the parties.

2

voluntary ventilation" was "consistent with respiratory muscle weakness." Tr. 480. These results were submitted as part of an unsigned two-page record which advises on its first page, "***Unsigned [transcriptions] represent a preliminary report and do not represent a medical or legal document.***" Tr. 479. The second page contains a blank signature line above which reads the caution that, "This preliminary report should not be used clinically unless reviewed and signed by a physician." Tr. 480.

In December 2019, Willian Swogger, D.O., of the Cleveland Clinic, conducted a pulmonary function test on Taylor. Tr. 546-547. The results noted Taylor had 1.) "mild obstructive airflow limitation with severe small [airway] dysfunction" with no statistically significant improvement after she was given a bronchodilator, 2.) a moderately significant ventilatory defect, 3.) normal diffusion capacity, and 4.) *potential* muscular weakness. Tr. 547.

In February 2020, technician Vanessa Blodgett of the Cleveland Clinic conducted a pulmonary function test on Taylor. Tr. 554. The results were interpreted by Dr. Paul Schefft, who noted that Taylor had moderate COPD mild restrictive pulmonary disease and that her condition improved 6% after she was given a bronchodilator. Tr. 554.

In August 2020, Taylor appeared at her administrative hearing represented by attorney Mira Chopra. Tr. 81, 84. Neither Taylor nor Attorney Chopra mentioned Listing 14.05 during the hearing. Tr. 83-129.

## The ALJ's Decision

The ALJ made the following findings of fact and conclusions of law:

1. Taylor met the insured status requirements of the Social Security Act through December 31, 2024.

2. Taylor had not engaged in substantial gainful activity since May 2, 2019, the alleged onset date. 20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*

3. Taylor had the following severe impairments: obesity, polymyositis, chronic obstructive pulmonary disorder (COPD), depression, and anxiety. 20 CFR 404.1520(c) and 416.920(c).

4. Taylor did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. 20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.

5. Taylor had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she could never reach overhead bilaterally, but could occasionally reach to the left and right, bilaterally. She could occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. Taylor could occasionally balance, stoop, kneel, crouch, and crawl. She could never work at unprotected heights or around moving mechanical parts. She could have occasional exposure to humidity and wetness, and must avoid concentrated exposure to dusts, odors, fumes, and other pulmonary irritants. She could have no exposure to extremes of cold or heat. She was able to do simple, routine tasks.

6. Taylor was unable to perform any of her past work. 20 CFR 404.1565 and 416.965.

7. Taylor was born on August 4, 1973 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. 20 CFR 404.1563 and 416.963.

8. Taylor had at least a high school education. 20 CFR 404.1564 and 416.964.

4

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Taylor was "not disabled," whether or not Taylor had transferable job skills. *See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2.

10. Considering Taylor's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Taylor could perform. 20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a).

Tr. 65-75.

The ALJ considered whether Taylor met Listings 3.02, 3.03, 12.04, and 12.06, and determined she did not. Tr. 68-70. The ALJ also documented her consideration of Taylor's polymyositis, writing as part of her analysis:

> In terms of [Taylor's] polymyositis, at the time of her alleged onset of disability, she was [being treated by] Rafael Arsuaga, M.D., at the Arthritis Clinic of Stark County. Dr. Arusuaga had diagnosed [Taylor] with polymyositis with myopathy and noted persistent upper and lower extremity weakness. At that time, Dr. Arsuaga was treating [her] with CellCept and prednisone therapy. [Tr. 487.] At an office visit in October of 2019, [Taylor] had a normal exam, but for some mild tenderness and limited range of motion in her bilateral shoulders. Dr. Arusuaga subsequently increased [Taylor's] prednisone dosage. [Tr. 483.]
>
> At an arthritis clinic visit in April of 2020, Robin Kollman, D.O., noted that [Taylor's] lab work had improved, which was encouraging. However, Dr. Kollman also indicated that this was "a puzzling situation," in that [Taylor] correspondingly alleged increasing pain, fatigue, and greater limitation in motion. [Tr. 546.] In June of 2020, [Taylor] had an initial evaluation for physical therapy. Joyce Williams, D.O., noted that [Taylor] walked slowly, and showed some indication of upper extremity weakness. [Tr. 586.] The claimant attended seven therapy sessions, but made little progress. Laurie Engstrom, OTR/L, noted that [Taylor] consistently complained of pain and fatigue during the sessions, and took numerous breaks. Ms. Engstrom reported that [Taylor] admitted to not completing her home

> exercises, and discharged her from the program after she failed to attend her final session. [Tr. 673.] The most recent arthritis clinic records are from August of 2020, and indicate that [Taylor] continued to complain of worsening problems. However, she had a normal gait and normal range motion in her extremities. She did exhibit some minor strength deficits in her extremities, but was otherwise neurologically intact. [Tr. 685.]
>
> From the above, [Taylor] has some limitations related to her polymyositis. However, she has required only conservative treatment, and the objective evidence has not revealed any underlying conditions that would support the levels of pain that the claimant has alleged. Moreover, her laboratory work has demonstrated a significant improvement with her medication, indicating that her worsening symptoms are likely unrelated to her polymyositis.

Tr. 71.

## Standard of review

The Court's review of an SSA ALJ's decision is limited to the question of "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 551 (6th Cir. 2020); *see* 42 U.S.C. § 405(g). "Substantial evidence … is 'such relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The SSA's findings of fact are "conclusive" "if supported by substantial evidence." 42 U.S.C. § 405(g). The Court must nonetheless reverse if the ALJ fails to follow agency rules or regulations. *Hargett*, 964 F.3d at 551.

6

**Discussion**

Taylor argues that the ALJ reversibly erred when she failed to consider whether Taylor's polymyositis satisfied Listing 14.05 at Step Three. Doc. 11, at 14. Taylor contends that the medical evidence raises a substantial question as to whether she could reasonably meet or equal Listing 14.05 on the basis of her polymyositis impairment and, as such, she is entitled to a remand of this matter. *Id*. The Commissioner argues that the ALJ's failure to address Listing 14.05 in her decision was not reversible error on two grounds. Doc. 12, at 2-3. First, Taylor failed to raise Listing 14.05 during the administrative process, so, the Commissioner argues, Taylor waived the argument. Doc. 12, at 2. Second, Taylor clearly could not meet or equal Listing 14.05 on the merits, so, the Commissioner argues, Taylor cannot show she has a substantial question which would entitle her to a remand.

I partly agree with the Commissioner.[2] Taylor failed to preserve, and thus waived, her argument by failing to address Listing 14.05 at any point during her administrative proceeding. In addition, she fails to demonstrate that the question of whether her polymyositis impairment could reasonably satisfy Listing 14.05 is a substantial question justifying a remand. Doc. 12, at 3. Accordingly, the Commissioner's decision should be affirmed.

---

[2] I disagree with the Commissioner's strict interpretation of the prefatory language to Listing 14.05 as requiring a claimant to establish comorbidity of polymyositis *and* dermamyositis to satisfy the listing. As long as one of the required subsections is met or equaled, a claimant need only demonstrate documented polymyositis or dermamyositis to meet Listing 14.05.

7

Taylor failed to preserve the issue of whether she met Listing 14.05. Taylor admits that she did not mention Listing 14.05 to the ALJ, or at any time during her administrative proceeding, despite being represented by counsel. Doc. 14, at 2. The Sixth Circuit has held that a claimant's failure to raise a listing argument before the ALJ means the ALJ is not obligated to specifically address that listing in her decision. *Wilson v. Comm'r of Soc. Sec.*, 618 F. App'x 281, 286 (6th Cir. 2015); *Walker v. Barnhart*, 72 F. App'x 355, 357 (6th Cir. 2003) (finding that a claimant who did not assert a disability claim under a specific listing was not entitled to an award of benefits under that listing). Since Taylor failed to argue that she met the requirements of Listing 14.05, she waived the issue and is not entitled to an award of benefits under that listing.

Taylor, however, argues that the record evidence raises a "substantial question" as to whether she could reasonably satisfy Listing 14.05. Doc. 11, at 13; *see Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013) ("If … the record 'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing.") (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). Taylor claims the record evidence established this outstanding substantial question because: 1.) Taylor's diagnosis of polymyositis is supported by muscle biopsy results and continually elevated CPK levels as required by Listing 14.05, Tr. 385, 420, 482, 486, 653. 20 C.F.R. Pt. 404, Subpart P, App.

1, § 14.05C; 2.) the ALJ classified Taylor's polymyositis as a severe impairment, Tr. 68; and 3.) Taylor could reasonably satisfy all criteria for Listing 14.05C. Doc. 11, at 14. I disagree.

The first problem with Taylor's argument is that in *Sheeks*, the Sixth Circuit considered the merits of Sheeks's argument because although Sheeks failed to raise it before the agency, the government forfeited its forfeiture argument. 544 F. App'x at 641. That's not the case here; the government has argued that Taylor failed to raise Listing 14.05. Doc. 12, at 2–3. So *Sheeks* doesn't apply.[3]

But even if the government had forfeited its forfeiture argument, Taylor does not prevail because she did not raise a "substantial question." "Neither the listings nor the Sixth Circuit require the ALJ to 'address every listing' or 'to discuss listings that the applicant clearly does not meet.'" *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014). Where, as here, an ALJ declines to address a particular listing, the claimant "must do more than show that the ALJ's decision left open the question [of] whether [she met] that particular listing." *Sheeks*, 544 F. App'x at 641. She "must show that the open question is a substantial one that justifies a remand." *Id*. To raise a "substantial question," a claimant "must point to specific evidence that demonstrates [she] reasonably could meet or equal every requirement of

---

[3] *Sheeks* and *Abbott* are also distinguishable in that both involved questions about whether a social security claimant could establish disability due to the presence of a mental impairment. *See Sheeks*, 544 F. App'x at 641; *Abbott*, 905 F.2d at 923–25.

9

the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (internal citations omitted). Taylor has not met this standard.

Taylor asserts that the ALJ's decision left outstanding the substantial question of Taylor's ability to reasonably satisfy each and every criteria of Listing 14.05C, which requires impaired respiration due to intercostal and diaphragmatic muscle weakness as well as documented polymyositis or dermamyositis. 20 C.F.R. Pt. 404, Subpart P, App. 1, § 14.05C. Taylor's claim is unsupported.

Taylor's polymyositis diagnosis is not in dispute. However, she failed to show she could reasonably meet the listing's other requirements. Taylor did not actually establish that she had muscle weakness, rather she cited a questionable medical record that indicates her symptoms were *consistent with* muscular weakness. Tr. 547, 480. Taylor established that she has experienced impaired respiration, Tr. 547, 554, but she did not show that this impairment was caused by intercostal or diaphragmatic muscle weakness. Tr. 547, 554. Taylor failed to present specific evidence demonstrating she could reasonably meet or equal every requirement of Listing 14.05 and, thus, she failed to raise a substantial question. *Rabbers v. Comm'r.*, 582 F.3d 647, 652 (6th Cir. 2009) (a claimant must satisfy all of the criteria to meet a listing).

With her reply brief, Taylor submitted medical literature discussing the causes, symptoms, and evaluations leading to a diagnosis of

neuromuscular disease, as well as the tests administered to evaluate respiratory muscle strength. Doc. 14-1, 14-2, 14-3. But arguments first raised in a reply brief are waived. *See United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) ("An argument first presented to the Court in a reply brief is deemed waived."). These exhibits cannot speak to the decision of the ALJ because these exhibits were not included in the administrative record. This Court's review must focus on the administrative record, "not some new record made initially in [this] court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Taylor's argument is therefore waived; she cannot rely on new records she submitted for the first time to this Court to support a claim that the ALJ left a substantial question unanswered.

Taylor failed to overcome the ALJ's rejection of her polymyositis claims. In her decision, the ALJ devoted significant attention to polymyositis and her examination undermines Taylor's argument. The ALJ rejected polymyositis as the cause for the level of pain Taylor alleged, noted Taylor's noncompliance with home exercises and programming designed to ease her symptoms, cited Taylor's conservative track of treatment for polymyositis, and highlighted Taylor's improvement with medication. Tr. 71. These facts undercut Taylor's claim that her ability to satisfy the listing remains an open question, let alone a substantial one. Doc. 11, at 14. Since Taylor failed to raise a substantial question, she is not entitled to a remand and her claim should be denied.

## Conclusion

For the reasons explained above, I recommend that the Commissioner's decision be affirmed.

Dated: October 25, 2022

                                             */s/ James E. Grimes Jr.*
                                             James E. Grimes Jr.
                                             U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).