UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY MARIE TAYLOR, | ) | CASE NO.: 5:22-CV-00079 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) ) | |

This matter comes before the Court on objections filed by Plaintiff Tracey Marie Taylor to the Report and Recommendation ("R&R") of the Magistrate Judge. On October 26, 2022, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. On November 8, 2022, Taylor objected to the R&R. On November 23, 2022, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Taylor objects to the R&R's findings that:" i) Plaintiff forfeited her ability to argue that her polymyositis met or medically equaled Listing 14.05C; and ii) the objective evidence of record did not raise a "substantial question" about Plaintiff's polymyositis meeting or medically equaling Listing 14.05C." Doc. 16, p. 1.

Regarding Taylor's forfeiture arguments, the R&R concluded that:

> Taylor failed to preserve, and thus waived, her argument by failing to address Listing 14.05 at any point during her administrative proceeding. In addition, she fails to demonstrate that the question of whether her polymyositis impairment could reasonably satisfy Listing 14.05 is a substantial question justifying a remand. Doc. 12, at 3. Accordingly, the Commissioner's decision should be affirmed.
>
> Taylor failed to preserve the issue of whether she met Listing 14.05. Taylor admits that she did not mention Listing 14.05 to the ALJ, or at any time during her administrative proceeding, despite being represented by counsel. Doc. 14, at 2. The Sixth Circuit has held that a claimant's failure to raise a listing argument before the ALJ means the ALJ is not obligated to specifically address that listing in her decision. *Wilson v. Comm'r of Soc. Sec.*, 618 F. App'x 281, 286 (6th Cir. 2015); *Walker v. Barnhart*, 72 F. App'x 355, 357 (6th Cir. 2003) (finding that a claimant who did not assert a disability claim under a specific listing was not entitled to an award of benefits under that listing). Since Taylor failed to argue that she met the requirements of Listing 14.05, she waived the issue and is not entitled to an award of benefits under that listing.

Doc. 15, p. 7-8.

In her objections, Plaintiff does not challenge the R&R's statement that Taylor admitted that she did not mention Listing 14.05 to the ALJ, but rather such a failure does not amount to waiver because she "and her counsel extensively discussed the signs and symptoms of her polymyositis at the hearing, including evidence that addressed the elements of Listing 14.05C (ECF #11 at 4-6; ECF #14 at 3-4)." Doc. 16, p. 2. However, the R&R did not rest on forfeiture, but rather reviewed the merits of the underlying claim. Therefore, there is no need for the Court to address this issue.

On the merits, the R&R noted that the ALJ is not required to address or discuss every listing

that the Plaintiff clearly does not meet. Doc. 15, p. 9. Further, when an ALJ declines to address a particular listing, the claimant "must do more than show that the ALJ's decision left open the question of whether she met the particular listing", …she "must show the open question is a substantial one that justifies a remand." Id. The R&R concluded that Taylor did not establish that the ALJ's decision left outstanding the substantial question of her ability to reasonably satisfy each and every requirement of Listing 14.05C. Doc. 15, p. 10.

While Taylor contends that such a review would amount to a de novo review, she does not explain how the Magistrate Judge could determine the issue without reviewing the underlying evidence. To obtain a remand, Taylor was required to show a substantial open question as to whether she satisfied that listing. This is akin to a harmless error review. The Court overrules Taylor's objections to the extent that she challenges the Magistrate Judge's ability to conduct such a review.

On the merits, the R&R explained,

> Taylor's polymyositis diagnosis is not in dispute. However, she failed to show she could reasonably meet the listing's other requirements. Taylor did not actually establish that she had muscle weakness, rather she cited a questionable medical record that indicates her symptoms were *consistent with* muscular weakness. Tr. 547, 480. Taylor established that she has experienced impaired respiration, Tr. 547, 554, but she did not show that this impairment was caused by intercostal or diaphragmatic muscle weakness. Tr. 547, 554. Taylor failed to present specific evidence demonstrating she could reasonably meet or equal every requirement of Listing 14.05 and, thus, she failed to raise a substantial question. *Rabbers v. Comm'r.,* 582 F.3d 647, 652 (6th Cir. 2009) (a claimant must satisfy all of the criteria to meet a listing).
> …
> Taylor failed to overcome the ALJ's rejection of her polymyositis claims. In her decision, the ALJ devoted significant attention to polymyositis and her examination undermines Taylor's argument. The ALJ rejected polymyositis as the cause for the level of pain Taylor alleged, noted Taylor's noncompliance with home exercises and programming designed to ease her symptoms, cited Taylor's conservative track of treatment for polymyositis, and highlighted Taylor's improvement with medication. Tr. 71. These facts undercut Taylor's claim that her ability to satisfy the listing remains an open question, let alone a substantial one. Doc. 11, at 14.

> Since Taylor failed to raise a substantial question, she is not entitled to a remand and her claim should be denied.

Doc. 15, p. 10-11.

In her objections, Taylor contends that the R&R analysis contains factual errors. Doc. 16, p. 5. Specifically, Taylor argues that she presented substantial evidence to meet listing 14.05C which required her to demonstrate that she experienced impaired respiration due to intercostal and diaphragmatic muscle weakness. Id. In support, Taylor points to the same record citations discussed in the R&R opinion, as set forth above. She contends that this information establishes that her respiration issues are consistent with intercostal and diaphragmatic muscle weakness. Doc. 16, p. 5-6. The R&R does in fact address this issue, directly implying that "consistent with" muscle weakness and "due to" muscle weakness is not the same thing. Taylor's objection does not set forth any basis as to why this distinction is incorrect. Accordingly, Taylor's objection on this issue is overruled.

For the reasons stated above, Taylor's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: December 14, 2022                     /s/ John R. Adams
                                             JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT JUDGE